**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Case No. 1:22-cv-__________-______**

**SAMUEL THAPA,**

**Plaintiff,**

**v.**

**PATRIOT INVESTMENT LLC,**
d/b/a The Franciscan Event Center, and d/b/a That Personal Touch Catering, Inc.;
**CHOUDHRY ENTERPRISE LLC,**
d/b/a Naan Curry Grill;
**MUHAMMAD "SALEEM" CHOUDHRY,** an individual; and **ASIF HUSAIN, MD**, an individual,

**Defendants.**

---

**COMPLAINT**

---

## INTRODUCTION

1. Plaintiff Samuel Thapa ("Plaintiff") worked for Defendants' restaurant and catering companies for approximately two and a half years, from September 5, 2019, to January 20, 2022. Since the Defendants' catering company is a relatively small operation, Plaintiff performed a variety of food service-related jobs, including cooking, packaging, delivering, setting up, and cleaning up the food at different venues. However, there were several issues with his pay. First, Defendants did not pay Plaintiff for the many hours of overtime he worked. They paid him on a salary basis and improperly attempted to classify him as an independent contractor. Second, Defendants did not pay Plaintiff his earned tips. Third, Plaintiff was not paid his earned bonuses or commissions for his catering and event work that he earned for his work driving to various venues and setting up and breaking down

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

buffets.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Patriot Investment LLC, d/b/a The Franciscan Event Center, and d/b/a That Personal Touch Catering, Inc., Choudhry Enterprise LLC, d/b/a Naan Curry Grill, Muhammad "Saleem" Choudhry, an individual, and Asif Husain, MD, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiff also brings conversion claims based on Defendants' failure to pay him overtime, earned tips, and earned bonuses and commissions.

4. Plaintiff further alleges that Defendants violated the anti-retaliation provisions of the FLSA and CWCA by making threats in response to his demand letter regarding Defendants' wage and hour violations.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. Defendants' catering and events company is based at 6553 S Revere Pkwy, Centennial, CO 80111, and the Defendants reside in this district.

**PARTIES**

**Defendant Patriot Investment LLC**

8. Defendant Patriot Investment LLC d/b/a The Franciscan Event Center, and d/b/a That Personal Touch Catering, Inc. (hereinafter "Patriot Investment") is a limited liability company whose principal place of business is located at 16049 Brooklime Ct., Parker, CO 80134. Its registered agent is listed with the Colorado Department of State as Saqid Saleem Choudhry at the same address.

9. Plaintiff performed work out of Defendant Patriot Investment's business location at 6553 S Revere Pkwy, Centennial CO, 80111.

10. Upon information and belief, Saqib Saleem Choudhry is Defendant Muhammad "Saleem" Choudhry's son.

11. At all relevant times, Defendant Patriot Investment had annual gross revenues in excess of $500,000.

12. At all relevant times, Defendant Patriot Investment was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Defendant Patriot Investment purchases food, supplies, equipment, and other necessary items to run its catering and events companies and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Patriot Investment advertises its catering services and event center to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

the entire world on the internet at https://thefranciscan.com/. Agents of Defendant Patriot Investment also accept payments, place orders, and otherwise conduct business by telephonic and/or online means, often entailing payment by credit cards and communications with companies or individuals out of state.

14. At all times material to this action, Defendant Patriot Investment was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Choudhry Enterprise LLC**

15. Defendant Choudhry Enterprise LLC d/b/a Naan Curry Grill (hereinafter "Naan Curry Grill") is a limited liability company whose principal place of business is located at 16049 Brooklime Ct., Parker, CO 80134. Its registered agent is listed with the Colorado Department of State as Muhammad Choudhry at the same address.

16. Plaintiff performed work out of Defendant Naan Curry Grill's business location at 10639 E Briarwood Ave A, Centennial, CO 80112.

17. At all relevant times, Defendant Naan Curry Grill had annual gross revenues in excess of $500,000.

18. At all relevant times, Defendant Naan Curry Grill was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Defendant Naan Curry Grill purchases food, supplies, equipment, and other necessary items to run its catering and events companies and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Naan Curry Grill advertises its restaurant to the entire world on the internet at https://naancurrygrill.com/. Agents of Defendant Naan Curry Grill also accept

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

payments, place orders, and otherwise conduct business by telephonic and/or online means, often entailing payment by credit cards and communications with companies or individuals out of state.

20. At all times material to this action, Defendant Naan Curry Grill was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

21. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendants Muhammad "Saleem" Choudhry**

22. Defendant Muhammad "Saleem" Choudhry (hereinafter "Saleem Choudhry"), an individual, resides in Douglas County, Colorado, upon information and belief.

23. At all times material to this action, Defendant Saleem Choudhry actively participated in the business of the operation.

24. Defendant Saleem Choudhry is an owner of Defendants Patriot Investment and Naan Curry Grill.

25. Defendant Saleem Choudhry is active in the day-to-day operations of Patriot Investment and Naan Curry Grill.

26. At all times material to this action, Defendant Saleem Choudhry exercised substantial control over the functions of the companies' employees including Plaintiff. For example, Defendant Saleem Choudhry had the ability to authority to hire and fire employees, set rates of pay, set employee schedules, and played a significant role in supervising Plaintiff's day-to-day activities.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

27. At all times material to this action, Defendant Saleem Choudhry was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Asif Husain, MD**

28. Defendant Asif Husain, MD (hereinafter "Dr. Husain"), an individual, resides in Arapahoe County, Colorado, upon information and belief.

29. At all times material to this action, Defendant Dr. Husain actively participated in the business of Defendant Patriot Investment.

30. Defendant Dr. Husain is an owner of Defendant Patriot Investment.

31. Functionally, Defendant Dr. Husain participated in bigger business decisions and money management for Defendant Patriot Investment.

32. At all times material to this action, Defendant Dr. Husain exercised substantial control over the functions of the Defendant Patriot Investment employees including Plaintiff. Particularly relevant here, after learning of Plaintiff's wage claims, Defendant Dr. Husain gave Sumesh Sharma, a current employee of Patriot Investment, a message and had Mr. Sharma call the Plaintiff and deliver this message on his behalf. The message was regarding the wage claims at issue, as he is involved in the companies' business operations and had decision-making authority regarding Plaintiff's compensation.

33. At all times material to this action, Defendant Dr. Husain was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Samuel Thapa**

34. Plaintiff Samuel Thapa is a resident of Parker, Douglas County, Colorado.

35. Plaintiff Thapa worked for Defendants for their restaurant, event, and catering companies in various roles from September 5, 2019 to January 20, 2022.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

36. Plaintiff was paid on a salary basis throughout his employment.

37. Most of Plaintiff Thapa's time was spent cooking, setting up and cleaning up events, and driving to various venues to deliver food. His work was routine and physical. Each event he worked on had the same components and was standardized.

38. In order to perform his job, Plaintiff was required to abide by and ensure compliance with established food safety protocols and other industry standards.

39. At all times material to this action, Plaintiff Thapa was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

40. While working in this capacity, Plaintiff Thapa was not expected to record time worked for payroll or compensation purposes.

41. Plaintiff estimates that generally he worked 80 hours per week. He typically worked 13 hours a day Monday through Friday and worked 10 hours a day on Saturday and Sunday.

42. Defendants did not pay Plaintiff anything extra when he worked more than 40 hours a week.

43. Defendants did not pay Plaintiff the tips he earned for his catering and event work, either. Instead, Defendant Saleem Choudhry often kept these tips for himself.

44. In addition, Defendants did not pay Plaintiff his earned bonuses and commissions in accordance with his employment agreement.

## LEGAL CLAIMS

### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

45. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Time Overtime Properly***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

46. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his regular rate for all hours over 40 worked in a workweek, in violation of the FLSA.

***Improper Tip Pooling Practices***

47. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff, thereby abnegating any entitlement to a tip credit.

***Record-Keeping Failures***

48. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

49. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

50. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

51. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action: COLORADO WAGE ACT VIOLATIONS

52. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

53. From January 1, 2020 onward, the Defendants were Plaintiff's "employer" as that term is

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

defined by the COMPS. 7 C.C.R. 1103-1(1.6).

54. From September through December 31, 2019, Defendants were Plaintiff's "employers" as that term is defined by the applicable Wage Order. 7 C.C.R. 1103-1(2).

   a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

   b. Defendants employed the Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

55. Plaintiff is Defendants' "employee" as that term is defined by the Wage Orders / COMPS Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Weekly Overtime Premiums***
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

56. Plaintiff worked more than 40 hours at least some workweeks.

57. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

58. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

59. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

60. Defendants violated the CWA as implemented by the Wage Orders/COMPS Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

61. For any and all time worked by Plaintiff, or to be credited to Plaintiff during a workweek,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all work over 40 hours per workweek or 12 hours per day.

***Failure to Pay All Earned Wages***
**(Violation of the C.R.S. § 8-6-109)**

62. Plaintiff has been separated from employment with Defendants.

63. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

64. Specifically, in addition to the overtime they should have paid him, Defendants also did not pay his earned tips, bonuses, and commissions.

***Improper Payment of Tips***
**(Violation of the C.R.S. § 8-4-103(6); Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1(10))**

65. The Defendants denied Plaintiff the presents, tips, or gratuities intended for him.

***Failure to Pay Wages In Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

66. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated June 7, 2022.

67. Defendants have not tendered any payment in response to this demand.

68. Defendants' failure to pay Plaintiff's owed wages in response to the wage demand was willful.

69. More than 14 days has elapsed since June 7, 2022.

70. Therefore, Defendants owe plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

71. Defendants failed to maintain a true and accurate record for each employee, including

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Plaintiff, of the following information:

c. name, address, social security number, occupation and date of hire

d. date of birth, if the employee is under eighteen (18) years of age

e. daily record of all hours worked

f. record of allowable credits and declared tips

g. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

72. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

***Damages***

73. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

74. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

75. Pursuant to COMPS #36–38, § 8.4, willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

delay, or defraud the person to whom such indebtedness is due constitutes theft under C.R.S. § 18-4-401.

76. By keeping Plaintiff's earned tips and failing to pay the Plaintiff earned bonuses and commissions, in addition to improperly treating him as an overtime-exempt employee, Defendants have willfully and intentionally failed to pay the Plaintiff all his wages or compensation, and therefore have committed theft of services.

77. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

**As And For A Fourth Cause of Action:**
**FLSA – RETALIATION**

78. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

79. Plaintiff, through counsel, issued letters describing wage claims directed to Defendants, on June 7, 2022.

80. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

81. On or about June 15, 2022, Defendant Dr. Asif Husain extorted Plaintiff based on his immigration status in response to Plaintiff's decision to pursue his legal claims and threatened to deny that Plaintiff worked for Defendants at all.

82. These threats and this intimidation were causally connected to Plaintiff's decision to pursue his legal claims.

83. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)),

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

by discriminating against Plaintiff for exercising rights protected under the Act.

84. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

**As And For A First Cause of Action:**
**CWCA – RETALIATION**

85. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

86. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under 7 CCR § 1103-1 COMPS #38, § 8.5.

87. Defendants violated the provisions of COMPS #38, § 8.5 by retaliating against Plaintiff for exercising protected rights.

88. As a result of these violations by Defendants of the CWCA, the Plaintiff is entitled to damages as set forth in the COMPS #38, § 8.5, more specifically C.R.S. §§ 8-1-116, 8-1-140, 8-4-120, and/or 8-6-115, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Statutory damages as provided for the CWCA; and

(D) Appropriate damages for the retaliatory acts taken against him, including emotional

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Thapa v. Patriot Investment LLC, et al.*
USDC, District of Colorado

Complaint
Page 13

distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(E) Three times the amount of the actual damages sustained, pursuant to CRS § 18-4-405;

(F) Interest; and

(G) The costs of this action together with reasonable attorneys' fees; and

(H) Such other and further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **24th** day of **August, 2022.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
*mmelso@andersondodson.com*
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401

Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Thapa v. Patriot Investment LLC, et al.*
USDC, District of Colorado

Complaint
Page 14

# VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on 8/24/2022 at Denver, Colorado
(date) (city or other location, and state)

Samuel Thapa
Printed Name of Plaintiff

DocuSigned by: Samuel Thapa
1556F3B0507F484...
Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Thapa v. Patriot Investment LLC, et al.*
USDC, District of Colorado
Complaint
Page 15