IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02178-KLM

SAMUEL THAPA,

     Plaintiff,

v.

PATRIOT INVESTMENT LLC, doing business as The Franciscan Event Center, doing business as That Personal Touch Catering, Inc.,
CHOUDHRY ENTERPRISE LLC, doing business as Naan Curry Grill,
MUHAMMAD SALEEM CHOUDHRY, an individual, and
ASIF HUSAIN, MD, an individual,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#36] (the "Motion"), which the Court previously converted to a Rule 12(c) motion for judgment on the pleadings. *Minute Order* [#43].  Plaintiff filed a Response [#39] in opposition to the Motion [#36], and Defendants filed a Reply [#41]. The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#36] is **GRANTED in part and DENIED in part.**[1]

_____

     [1]  This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. See [#20, #21].

### I.  Background[2]

Plaintiff is a resident of Parker, Colorado, and worked for Defendants' restaurant, event, and catering companies in various roles from September 5, 2019, to January 20, 2022.  *Compl.* [#1] ¶¶ 34-35.  Plaintiff spent most of his time cooking, setting up and cleaning up events, and driving to various venues to deliver food, all of which were routine and physical tasks.  *Id.* ¶ 37.  Each event on which he worked was standardized and had the same components.  *Id.*  In order to perform his job, Plaintiff was required to abide by and ensure compliance with established food safety protocols and other industry standards.  *Id.* ¶ 38.

Defendant Patriot Investment LLC, doing business as The Franciscan Event Center as well as That Personal Touch Catering, Inc., ("Patriot Investment") is a limited liability company whose principal place of business is located at 16049 Brooklime Court, Parker, Colorado 80134.  *Id.* ¶ 8.  Saqib Saleem Choudhry, a non-party to this litigation, is listed as its registered agent at the same address.  *Id.*  Saqib Saleem Choudhry is the son of Defendant Muhammad "Saleem" Choudhry ("Choudhry").  *Id.* ¶ 10.  Plaintiff performed work for Defendant Patriot Investment at its business location at 6553 South Revere Parkway, Centennial Colorado, 80111.  *Id.* ¶ 9.

Defendant Choudhry Enterprise LLC, doing business as Naan Curry Grill, ("Choudhry Enterprise") is a limited liability company whose principal place of business is located at 16049 Brooklime Court, Parker, Colorado 80134—the same address as

---

[2] For the purposes of resolving the Motion [#36], the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1].  *See Cowboys for Trump v. Oliver*, No. 21-2015, 2022 WL 454169, at *1 n.1 (10th Cir. Feb. 15, 2022) (citing *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1199 n.2 (10th Cir. 2016)) (discussing motions filed under Fed. R. Civ. P. 12(c)).

Defendant Patriot Investment.  *Id.* ¶ 15.  Defendant Choudhry is listed as its registered agent at the same address.  *Id.*  Plaintiff performed work for Defendant Choudhry Enterprise at its business location at 10639 East Briarwood Avenue A, Centennial, Colorado 80112.  *Id.* ¶ 16.

Defendant Choudhry is an individual who resides in Douglas County, Colorado.  *Id.* ¶ 22.  He is an owner of Defendants Patriot Investment and Choudhry Enterprise and is active in the daily operations of both entity Defendants.  *Id.* ¶¶ 24-25.  Defendant Choudhry exercised substantial control over the functions of the companies' employees, including Plaintiff.  *Id.* ¶ 26.  He had the authority to hire and fire employees and to set rates of pay, and employee schedules; he also played a significant role in supervising Plaintiff's daily activities.  *Id.*

Defendant Asif Husain, MD ("Husain") is an individual who resides in Arapahoe County, Colorado.  *Id.* ¶ 28.  He is an owner of Defendant Patriot Investment.  *Id.* ¶ 30. Defendant Husain participates in large business decisions and money management for Defendant Patriot Investment.  *Id.* ¶ 31.  He exercised substantial control over the functions of employees of Defendant Patriot Investments, including Plaintiff.  *Id.* ¶ 32. Relevant to this action, after learning of Plaintiff's wage claims, Defendant Husain gave another current employee of Patriot Investment a message to be delivered to Plaintiff on Defendant Husain's behalf regarding Plaintiff's wage claims.  *Id.*  Defendant Husain had decision-making authority regarding Plaintiff's compensation.  *Id.*

Plaintiff was paid on a salary basis throughout his employment, and he was not expected to record time worked for payroll or compensation purposes.  *Id.* ¶¶ 36, 40.  He estimates that he generally worked eighty hours per week, typically working thirteen hours

per day Monday through Friday and ten hours per day on Saturday and Sunday, a calculation which actually adds up to eighty-five hours per week. *Id.* ¶ 41. Defendants did not provide Plaintiff with any extra pay when he worked more than forty hours per week and did not pay Plaintiff the tips he earned for his catering and event work; rather, Defendant Choudhry often kept these tips for himself. *Id.* ¶¶ 42-43. In addition, Defendants did not pay Plaintiff his earned bonuses and commissions in accordance with his employment agreement. *Id.* ¶ 44.

As a result of these and other allegations discussed below, Plaintiff asserts violations of the Fair Labor Standards Act ("FLSA"), specifically regarding failure to pay overtime, improper tip pooling practices, and record-keeping failures, as well as retaliation. *Id.* ¶¶ 45-51, 78-84. He also asserts violations of the Colorado Wage Claim Act ("CWCA") and the Colorado Minimum Wage Act and asserts a claim for conversion/theft of services under Colorado law. *Id.* ¶¶ 52-77, 85-88. As relief, he seeks various forms of damages. *Id.* ¶¶ 13-14.

In the present Motion [#36], Defendants ask the Court to enter judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Minute Order* [#43]. Although the Motion [#36] generally seeks such relief on all of Plaintiff's claims and a dismissal of Plaintiff's entire Complaint [#1], closer inspection reveals that Defendants more specifically only address the FLSA claims regarding failure to pay overtime, improper tip pooling practices, and record-keeping failures, and the CWCA claim regarding failure to pay overtime. *See Motion* [#36] at 3-5. Defendants do not address retaliation under the FLSA (Claim Four); failure to pay all earned wages, improper payment of tips, failure to pay wages in response to wage demand, and record-keeping failures/failure to provide pay stubs under Colorado

law (all of which are portions of Claim Two); conversion/theft of services under Colorado law (Claim Three); or retaliation under the CWCA (Claim Five, although incorrectly labeled as another Claim One).  *Compl.* [#1] ¶¶ 52-88.

## II.  Standard of Review

Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "Judgment on the pleadings should not be granted 'unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'"  *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citation omitted).  A motion for judgment on the pleadings made pursuant to Rule 12(c) is reviewed under the same legal standard as a motion for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6).  *Mock v. T.G. & Y Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v.*

*City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, [n]or does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted).

## III. Analysis

**A.    FLSA**

**1.    Overtime**

Claim One of the Complaint [#1] alleges three violations of the FLSA, the first of which concerns failure to pay overtime. *Compl.* [#1] ¶ 46. Defendants argue that the Complaint [#1] is factually inadequate because it fails to state a claim upon which relief can be granted. *Motion* [#36] at 4. Specifically, Defendants argue that the Complaint [#1] is insufficient because it does not allege a given workweek in which Plaintiff worked more than forty hours and for which he was not properly compensated for the hours worked in excess of forty. *Id.* at 3. Further, Defendants argue that Plaintiff fails to sufficiently allege that he worked more than forty hours per week for any single Defendant, which would entitle him to overtime. *Id.* In response, Plaintiff avers that Defendants are part of a single integrated enterprise and that he was jointly employed by Defendants. *Response* [#39] at 7. Plaintiff argues that because he was jointly employed by Defendants, working more

than forty hours per week in any configuration among Defendants entitles him to overtime. *Id.*  The Court addresses whether the Complaint [#1] plausibly pleads a claim for unpaid overtime under the FLSA and, additionally, whether Plaintiff has adequately alleged that he was jointly employed by Defendants.

### a.   Given Workweek

Defendants first argue that Plaintiff fails to plausibly plead a claim for unpaid overtime under the FLSA.  *Motion* [#36] at 3; *Reply* [#41] at 2-4.  Defendants primarily rely on *Martinez v. Xclusive Management, LLC*, No. 15-cv-00047-MSK-MEH, 2015 WL 12734809 (D. Colo. Aug. 12, 2015).  *Motion* [#36] at 3-4.  There, the Court determined:

> [T]he Tenth Circuit would likely [hold] that to state a plausible claim under the FLSA, a plaintiff must allege that he or she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.  Along those same lines, for a minimum wage claim, a plaintiff must allege facts demonstrating that he or she worked hours for which he or she was not paid the minimum rate set forth in the statute.  Accordingly, the Court rejects the Defendants' argument that Plaintiffs must allege all of the following specifics to survive a motion to dismiss: the time, date, or place they allegedly worked unpaid or underpaid overtime; any examples of the unpaid work; any allegations about the type of unpaid work they performed; any description of the nature of the unpaid work; the approximate number of unpaid overtime hours worked; the approximate number of underpaid overtime hours worked; or the approximate dollar amount of the allegedly unpaid work.

*Martinez*, 2015 WL 12734809, at *6.  Given this framework, the *Martinez* court held: "In this case, the Plaintiffs' allegations are close but fail to meet the *Iqbal/Twombly* standard for plausibly stating FLSA claims in that they fail to allege they worked hours for which they were not compensated at the minimum wage set forth in the statute, nor do they identify a given workweek during which they worked more than forty hours but were not properly compensated."  *Id.* at *7.

In the instant case, Defendants argue:

Here, the Plaintiff alleges that that he "estimates that generally he worked 80 hours per week", typically working "13 hours a day Monday through Friday and worked 10 hours a day on Saturday and Sunday". However, [Plaintiff] also alleges that he worked for both Defendants Patriot Investment, LLC, and Choudhry Enterprise, LLC during the same alleged time period of September 5, 2019 to January 20, 2022, at different locations, but fails to specifically identify how the alleged "generally worked 80 hours" was divided between the separate Defendants and whether Plaintiff worked more than 40 hours per week for either Defendant.

These allegations do not satisfy the *Iqbal/Twombly* standard because Plaintiff fails to allege that he was not properly compensated for overtime worked during a specific work period for a specific Defendant. If Plaintiff generally worked 80 hours per week, and worked for two defendants at two different locations, it is conceivable that he did not exceed 40 hours per week working for either Defendant. Notably absent from the allegations in the Complaint are any details regarding a given work week when Plaintiff worked more than forty hours for either Defendant, and was not paid overtime for that given work week.

*Motion* [#36] at 4 (internal citations omitted).

In drafting complaints in FLSA lawsuits, plaintiffs need only "draw on their own 'memory and experience' to . . . recall basic facts about [their] own work experience, such as when [they] worked overtime; whether [they] came to work early, stayed late, or took on additional shifts; approximately how many extra hours [they] worked per week; and the types of tasks [they] performed during [their] overtime hours." *Martinez*, 2015 WL 12734809, at *6 (quoting *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014)). In sum, a plaintiff's allegations need to include both an estimate of the hours worked and a general idea of the type of work performed. *Id.* However, employees must assert more than merely conclusory allegations. *Kazazian v. Vail Resorts, Inc.*, No. 18-cv-00197-MEH, 2018 WL 2445832, at *5 (D. Colo. May 31, 2018). If a plaintiff does not allege any given day(s) or given workweek(s) in which he was inadequately paid, his claim is insufficient under the FLSA. *See id.* (finding claim

that only alleged the plaintiff was not paid adequately "during one or more workweeks" insufficient); *see also Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (finding that the plaintiffs' allegation that they "regularly worked hours over 40 in a week and were not compensated for that time" was insufficient to state a claim, because it "is little more than a paraphrase of the statute").

In this case, the Complaint [#1] includes an estimate that "generally [Plaintiff] worked 80 hours per week.  He typically worked 13 hours a day Monday through Friday and worked 10 hours a day on Saturday and Sunday."  *Compl.* [#1] ¶ 41.  Defendants argue that these allegations are insufficient because Plaintiff fails to allege that he was not properly compensated for overtime worked during a specific work period for a specific Defendant.  *Motion* [#36] at 4.  However, Plaintiff does provide specific dates that he worked for Defendants, i.e., from September 5, 2019, to January 20, 2022, and that during this period "generally he worked 80 hours per week" and that "[h]e typically worked 13 hours a day Monday through Friday and worked 10 hours a day on Saturday and Sunday".  *Compl.* [#1] ¶¶ 35, 41.  In comparison, the *Martinez* complaint only stated that Plaintiffs "regularly worked more than 40 hours per week" and provided no other detail as to dates during which this occurred, or any further estimate of overtime hours worked.  *Compl.* [#1, in 15-cv-00047-MSK-MEH] ¶ 21.

On a motion to dismiss, the Court must view "the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Sawyers v. Norton*, 962 F.3d 1270, 1282 (10th Cir. 2020) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).  Applying this standard, the Court finds that, because Plaintiff provided start and end dates and hours worked per week, the

Complaint [#1] can reasonably be construed as alleging that Plaintiff worked these hours every week that he was employed by Defendants from September 2019 to January 2022. Accordingly, the Complaint [#1] meets the pleading standards for FLSA claims set forth by *Martinez* because Plaintiff has provided basic facts about his work experience, including when he worked overtime and the approximate number of extra hours he worked per week.

### b.    Joint Employers

Plaintiff states that he worked for both Defendants Patriot Investment and Choudhry Enterprise from September 5, 2019, to January 20, 2022, at different locations. *Compl.* [#1] ¶¶ 1, 9, 16.  The Complaint [#1] offers no detail as to how Plaintiff split his hours worked between Defendants, if at all.  Defendants argue that, by alleging that he worked eighty hours per week and worked for two Defendants at different locations, it is conceivable that Plaintiff did not exceed forty hours per week working for either Defendant.  *Motion* [#36] at 4.  In response, Plaintiff avers that he was jointly employed by Defendants and that Defendants are part of a single integrated enterprise. *Response* [#39] at 7.

To survive a motion to dismiss, a plaintiff alleging joint employer status in relation to an employment claim must plead sufficient facts demonstrating that the employers exercised shared control over the plaintiff's employment.  *See Kazazian*, 2018 WL 2445832, at *6 (finding that the plaintiff failed to state a claim against an alleged joint employer because the "[plaintiff] does not plead facts demonstrating that [the employer] exercised any control over her employment"); *see also L'Ggrke v. Asset Plus Corp.*, No. 12-CV-596-JED-TLW, 2013 WL 3973330, at *5 (N.D. Okla. July 31, 2013) ("A plaintiff is

required to plead facts which demonstrate the existence of a joint employment relationship based upon the totality of the working relationship between the parties alleged to be joint employers.").

The Court has previously held that complaints which allege that joint employers together hired or fired plaintiffs, directed and supervised plaintiffs, controlled plaintiff's daily assignments, set workplace policies, directed plaintiff's wages, distributed paychecks, addressed wage complaints, maintained plaintiff's timesheets, and shifted plaintiffs among locations or entities are sufficient to allege joint employment. *Solis v. Circle Grp., LLC*, No. 16-cv-01329-RBJ, 2017 WL 1246487, at *2 (D. Colo. Apr. 5, 2017). In *Solis v. Circle Group, LLC*, the plaintiffs' complaint included a distinct statement of facts supporting joint employment that provided details as to the defendants' participation in hiring workers, supervising workers, setting work policies, paying wages, and terminating workers. *Compl.* [#98, in 16-cv-01329-RBJ] ¶¶ 48-125.

Here, Plaintiff's Complaint [#1] alleges only that Defendants Choudhry and Husain "exercised substantial control over the functions of [ ] employees including Plaintiff" and that Defendant Choudhry had the authority to "hire and fire employees, set rates of pay, set employee schedules, and played a significant role in supervising Plaintiff's day-to-day activities." *Compl.* [#1] ¶¶ 26, 32. The Complaint [#1] is devoid of details as to the relationship between the employers and any joint control they exercised over Plaintiff. In addition, merely referring to employers collectively is insufficient to plausibly assert that multiple entities were joint employers. *Kazazian*, 2018 WL 2445832, at *7.

In short, the Complaint [#1] does not allege adequate facts that the Court may find that Plaintiff was jointly employed by Defendants. However, Plaintiff offers differing

estimates of the actual overtime worked.  He first estimates that he generally worked eighty hours per week.  *Compl.* [#1] ¶ 41.  Plaintiff then states that he typically worked "13 hours a day Monday through Friday and worked 10 hours a day on Saturday and Sunday."  *Id.*  This second estimate actually amounts to eighty-five hours worked each week.

Viewing the factual allegations and reasonable inferences to be drawn in the light most favorable to the Plaintiff, the Court is not persuaded by Defendants' argument that Plaintiff may not have exceeded forty hours per week working for either Defendant. *Motion* [#36] at 4.  If Plaintiff worked eighty-five hours per week, he may be entitled to overtime from one or more Defendants even if they are not joint employers.  For example, it is conceivable that Plaintiff worked for forty hours in a week for one Defendant, but forty-five hours in that same week for another Defendant.  In that situation, he may be owed overtime by only one Defendant.  Alternatively, the allegations could support a finding, for example, that Plaintiff worked forty-two-and-a-half hours in a week for each corporate Defendant, in which case he may be owed overtime from both corporate Defendants. Thus, viewing the Complaint [#1] in the light most favorable to the Plaintiff, it is plausible that he is owed overtime by one or more Defendants, regardless of Defendants' status as joint employers.

Accordingly, the Motion [#36] is **denied** to the extent that Defendants seek judgment on the pleadings on the portion of Plaintiff's Claim One regarding unpaid overtime under the FLSA.

**2.      Tip Retention**

Claim One in the Complaint [#1] further alleges improper tip pooling practices in violation of the FLSA. *Compl.* [#1] ¶ 47. Defendants argue that Plaintiff fails to plausibly plead a claim regarding improper tip retention under the FLSA. *Motion* [#36] at 5; *Reply* [#41] at 4. Plaintiff states that Defendants did not pay him the tips he earned for his work and instead, Defendant Choudhry often kept these tips for himself. *Compl.* [#1] ¶ 43. Plaintiff further states that, by taking some part of gratuities received by or on behalf of Plaintiff, Defendants "abnegat[e] any entitlement to a tip credit." *Id.* ¶ 47.

An employer may take a tip credit against its minimum wage obligations to its tipped employees if employees retain all of their tips, with an exception for participation in a tip pool with other tipped employees who customarily and regularly receive tips. 29 C.F.R. § 531.50. The goal of the FLSA is to "protect all covered workers from substandard wages and oppressive working hours[.]" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981). In general, the FLSA is concerned with the wages that employees receive and not with the source of money used by the employer to pay the wage. *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1159 (10th Cir. 2017). Accordingly, tip-related claims under the FLSA must be made in conjunction with a minimum wage claim. *See id.* at 1161 (quoting *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 448 (4th Cir. 2015) ("[FLSA] does not state freestanding *requirements* pertaining to all tipped employees, but rather creates rights and obligations for employers attempting to use tips as a credit against the minimum wage.") (internal quotation marks omitted)). An employer which pays its employees a wage that is greater than the required minimum wage does not violate the FLSA by retaining tips. *Id.* at 1158.

Plaintiff does not allege any facts indicating that Defendants were taking advantage of a tip *credit* during his employment.  Plaintiff does not allege that, at any time, he was paid less than minimum wage, in which case Defendants may have been eligible for a tip credit or would have been prohibited from retaining tips.  Further, Plaintiff asserts no specific facts suggesting that Defendants were improperly pooling tips among employees.

Because Plaintiff does not allege that, at any time, he was paid less than the required minimum wage, his Complaint [#1] insufficiently alleges that Defendants were utilizing the tip-credit provision of the FLSA and thus were prohibited from retaining Plaintiff's tips.  Therefore, the Motion [#36] is **granted** to the extent that **judgment on the pleadings** is entered in favor of Defendants on the portion of Plaintiff's Claim One regarding improper tip retention under the FLSA.

### 3.    Record-Keeping

Finally, Claim One asserts record-keeping failures in violation of the FLSA.  *Compl.* [#1] ¶ 48**.**  Defendants argue that Plaintiff fails to plausibly plead this claim.  *Motion* [#36] at 5; *Reply* [#41] at 4.   Section 211(c) of the FLSA provides, in relevant part, that employers "shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time."  29 U.S.C. § 211(c).  Section 215(a)(5) deems it unlawful for any person "to violate any of the provisions of section 211(c) of this title."  29 U.S.C. § 215(a)(5).  However, Plaintiff concedes in his Response [#39] that there is no private cause of action permitting recovery of damages or an injunction for a violation of § 211(c) or § 215(a)(5).  *Response* [#39] at 8.

- 14 -

The authority to enforce violations of any requirements set forth in § 215, including record-keeping violations under § 211(c), lies with the Secretary of Labor.  29 U.S.C. § 217; *see also Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1159 (10th Cir. 2018) ("The FLSA gives the Secretary [of Labor] authority to investigate employers' compliance with these recordkeeping requirements and to see injunctive relief against employers who violate those provisions of the Act.").  While the FLSA itself does not address whether a private cause of action exists under § 217, courts have consistently held that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor."  *United Food & Com. Workers Union, Loc. 1564 of N.M. v. Albertson's, Inc.*, 207 F.3d 1193, 1197-1198 (10th Cir. 2000) (quoting *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998)).

Thus, the Court finds that Plaintiff has no private cause of action to allege record-keeping failures under the FLSA.  Accordingly, the Motion [#36] is **granted** to the extent that **judgment on the pleadings** is entered in favor of Defendants on the portion of Plaintiff's Claim One regarding record-keeping failures under the FLSA.

## B.      CWCA

Claim Two of the Complaint [#1] asserts violations of the CWCA including failure to pay overtime, failure to pay all earned wages, improper payment of tips, failure to pay wages in response to wage demand, record-keeping failures, and failure to provide pay stubs.  *Compl.* [#1] ¶¶ 52-72.  Here, Defendants only move for dismissal of the overtime portion of Claim Two asserted under the CWCA.[3]  *Motion* [#36] at 5; *Reply* [#41] at 4.

---

[3]  The Court notes that Defendants have withdrawn their initial argument that the CWCA and CMWA do not impose individual liability on corporate officers or agents.  *Motion* [#36] at 2; *Reply* [#41] at 5.

Plaintiff alleges failure to pay overtime in violation of the CWCA as implemented by the Colorado Overtime and Minimum Pay Standards ("COMPS") Order #38. *Compl.* [#1] ¶ 60. COMPS Order #38 provides that "[e]mployees shall be paid time and one-half of the regular rate of pay for any work in excess of any of the following, . . . (A) 40 hours per workweek; (B) 12 hours per workday; or (C) 12 consecutive hours without regard to the start and end time of the workday." 7 C.C.R. § 1103-1:4. Plaintiff asserts that Defendants violated this provision when they failed to compensate him time and one-half of his regular pay rate for hours he worked over forty in a workweek or over twelve in a workday. *Compl.* [#1] ¶ 60. In the present Motion [#36], Defendants argue that Plaintiff fails to state a claim under the CWCA because he does not identify a workweek during which he worked overtime and was not properly compensated. *Motion* [#36] at 5. In support, Defendants further argue that the same *Iqbal/Twombly* enunciation of Rule 8 pleading standards applies to Plaintiff's claims under the CWCA. *Id.*

Colorado courts have held that the plausibility standard set forth in *Iqbal* and *Twombly* is "very much in line with the direction our rule-making has taken and the current needs of the civil justice system in this jurisdiction," and therefore should be considered an assertion of the pleading requirements in force in Colorado. *Warne v. Hall*, 373 P.3d 588, 595 (Colo. 2016). Accordingly, the Court applies the same plausibility standard to Plaintiff's CWCA claims as it does to Plaintiff's FLSA claims.

*Martinez* set forth the Tenth Circuit's plausibility standards for a claim under the FLSA. *Martinez*, 2015 WL 12734809, at *6. As further explained above in Section III.A.1., the Court emphasized in its holding that identifying a given workweek in which a plaintiff worked more than forty hours but was not properly compensated is critical in finding that

a complaint meets the plausibility standard.  *See id.* at *7 (finding the complaint "close but fail[ing] to meet the *Iqbal/Twombly* standard for plausibly stating FLSA claims" in part because it did not "identify a given workweek during which [the plaintiffs] worked more than 40 hours but were not properly compensated").

The Court is aware of no legal authority making *Martinez* applicable to the CWCA claim in this case.  Assuming that *Martinez* applies, the Court finds that the Complaint [#1] is adequate because Plaintiff has provided a start and end date of his employment and further has recalled basic facts about his work experience, including the approximate extra hours worked per week, as the Court found with the comparable FLSA overtime claim.  *Compl.* [#1] ¶¶ 35, 41.  However, even if *Martinez* does not apply to CWCA claims, the Court has previously held that allegations of unpaid overtime under the CWCA similar to what Plaintiff has alleged in his Complaint [#1] are sufficient to survive a motion to dismiss.  *See, e.g.*, *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, No. 15-cv-02324-RBJ, 2016 WL 5791202 at *10 (D. Colo. Sept. 30, 2016) (finding plaintiffs' allegations that they "regularly worked more than 45 hours per week" sufficient under 7 C.C.R. § 1103-1:4).

Accordingly, the Court finds that the Complaint [#1] sufficiently alleges unpaid overtime under the CWCA.  Accordingly, the Motion [#36] is **denied** to the extent that Defendants seek judgment on the pleadings on the portion of Plaintiff's Claim Two regarding unpaid overtime under the CWCA.

## IV.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED in part** and **DENIED in part**, as follows.  The Motion [#36] is **granted** to the extent that **judgment on the**

**pleadings** is entered in favor of Defendants on the portions of Plaintiff's Claim One regarding improper tip retention and record-keeping failures under the FLSA.  The Motion [#36] is **denied** to the extent that Defendants seek judgment on the pleadings on the portion of Plaintiff's Claim One regarding unpaid overtime under the FLSA and the portion of Plaintiff's Claim Two regarding unpaid overtime under the CWCA.[4]

Dated:  June 7, 2023

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[4]  Given these rulings, the following claims remain in this lawsuit: (1) failure to pay overtime in violation of the FLSA (Claim One); (2) failure to pay all earned wages, improper payment of tips, failure to pay wages in response to wage demand, and record keeping failures in violation of the CWCA (Claim Two); (3) conversion/theft of services (Claim Three); (4) retaliation under the FLSA (Claim Four); and (5) retaliation under the CWCA (Claim Five).